**Opinion filed February 28, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00233-CV

_____

## IN THE INTEREST OF W.J.S., A CHILD

---

### On Appeal from the 266th District Court
### Erath County, Texas
### Trial Court Cause No. CV34914

---

### M E M O R A N D U M   O P I N I O N

W.J.S.'s mother filed a petition to terminate the parent-child relationship between W.J.S. and his father. The trial court held a bench trial and subsequently entered an order in which it terminated the father's parental rights. The father filed this appeal. In a single issue on appeal, he challenges the legal and factual sufficiency of the evidence. We affirm.

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review

all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b). In this case, the trial court found that Appellant had failed to support the child in accordance with Appellant's ability during a period of one year ending within six months of the date that the petition was filed and that Appellant had knowingly engaged in criminal conduct that resulted in his conviction and confinement or imprisonment and inability to care for the child for not less than two years from the date that the petition was filed. *See id.* § 161.001(b)(1)(F), (Q). The trial court also found that termination of Appellant's parental rights would be in the child's best interest. *See id.* § 161.001(b)(2).

Appellant does not challenge the specific findings made by the trial court regarding Appellant's failure to support the child and Appellant's conviction and confinement and inability to care for the child for the requisite period. Instead, Appellant cites *In re E.N.C.* and argues that the evidence must show that Appellant "engaged in conduct endangering the physical or emotional well-being of his child[]." *See In re E.N.C.*, 384 S.W.3d 796, 803 (Tex. 2012). We disagree.

In *E.N.C.*, the trial court specifically found that the parent had engaged in conduct or knowingly placed his children with persons who engaged in conduct that endangered the children's physical or emotional well-being. *Id.* at 801–02; *see* FAM.

2

§ 161.001(b)(1)(E).  The trial court in the case before us did not make any such finding and did not base the termination of Appellant's rights on subsection (E). Thus, Section 161.001(b)(1)(E) and the portion of *E.N.C.* that Appellant relies upon are not applicable to this appeal.

Appellant does, however, argue that termination was not shown to be in the best interest of the child.  With respect to the best interest of a child, no unique set of factors need be proved.  *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But courts may use the non-exhaustive *Holley* factors to shape their analysis.  *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).  These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent.  *Id.*  Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest.  *C.J.O.*, 325 S.W.3d at 266.

The record in this case reflects that W.J.S. was eight years old at the time of trial.  W.J.S. has been diagnosed with ADHD and is emotionally disturbed "to a pretty severe extent."

Appellant has an extensive criminal history and has been incarcerated for much of the child's life.  In 2016, Appellant was sentenced to serve a ten-year term of confinement.  At one point when Appellant was out of prison, he "ran off with" then three-year-old W.J.S. during a visit.  Appellant kept W.J.S. for about four

3

months and would not let W.J.S. have any contact with his mother. Appellant's mother assisted Appellant in this endeavor. As a result of that ordeal, W.J.S. suffered "severe separation anxiety." W.J.S. has since indicated that he does not want to be around Appellant or Appellant's mother. W.J.S.'s mother described Appellant's family as "toxic" and harmful to W.J.S.

W.J.S.'s mother testified that her fiancé planned to adopt W.J.S. if the trial court terminated Appellant's rights. She also testified that her fiancé had been a father figure to W.J.S. for the past five years; W.J.S. referred to the mother's fiancé as his "dad."

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The trial court could reasonably have formed a firm belief or conviction that it would be in the child's best interest for Appellant's parental rights to be terminated. We hold that the evidence is legally and factually sufficient to support the termination of Appellant's parental rights and the trial court's best interest finding. We overrule Appellant's sole issue on appeal.

We affirm the trial court's order of termination.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE

February 28, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.